UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

STANLEY EDWARD NIMMONS,

    Plaintiff,

v.                                        No.:    3:11-cv-94
                                                      (VARLAN/SHIRLEY)

LISA HOARD,
NICHOLAS NITZBAND, and
BLOUNT COUNTY SHERIFF'S OFFICE,

    Defendants.

## MEMORANDUM AND ORDER

The Court is in receipt of a *pro se* prisoner's civil rights complaint under 42 U.S.C. § 1983 and an application to proceed *in forma pauperis*. It appears from the application that the plaintiff lacks sufficient financial resources to pay the $350.00 filing fee. Accordingly, pursuant to 28 U.S.C. § 1915(b)(4), the Clerk is **DIRECTED** to file this action without the prepayment of costs or fees or security therefor as of the date the complaint was received. However, for the reasons stated below, process shall not issue and this action is **DISMISSED**.

Plaintiff is an inmate in the Blount County Detention Center. The defendants are Jail Investigator Lisa Hoard, Correctional Officer Nicholas Nitzband, and the Blount County Sheriff's Office. Plaintiff alleges that during a search of his cell on July 16, 2010, defendant Nitzband found a rope made out of a sheet. According to plaintiff, many inmates use such

ropes for working out. Nevertheless, defendant Nitzband wrote plaintiff up as having a possible weapon. Defendant Hoard then charged plaintiff criminally as being in possession of a weapon, a Class C felony. Plaintiff claims the write-up and criminal charge violated his civil rights because the rope was never used or attempted to be used as a weapon. He seeks punitive damages against the defendants. Plaintiff specifically states that he is not asking this Court to assist him in reversing the allegedly phony charges.

In *Heck v. Humphrey*, 512 U.S. 477 (1994), the Supreme Court held that, in order for a plaintiff inmate to support a § 1983 case against county prosecutors and police for an alleged unconstitutional conviction, the plaintiff "must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id*. at 486-87. The Court subsequently extended the principle enunciated in *Heck v. Humphrey* and held that claims are not cognizable under § 1983 where a judgment in plaintiff's favor would necessarily imply the invalidity of a prison disciplinary conviction and resulting sanctions. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997).

Plaintiff does not allege, nor does the record suggest, that either the criminal charge or the disciplinary infraction against him has been dismissed or set aside. Accordingly, based upon the principles of *Heck v. Humphrey* and *Edwards v. Balisok*, plaintiff's claims are not cognizable under § 1983.

Although this Court is mindful that a *pro se* complaint is to be liberally construed, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), it is quite clear that the plaintiff has not alleged the deprivation of any constitutionally protected right, privilege or immunity, and, therefore, the Court finds his claims to be frivolous under 28 U.S.C. §§ 1915(e) and 1915A. It appears beyond doubt that plaintiff can prove no set of facts which would entitle him to relief, *Malone v. Colyer*, 710 F.2d 258 (6th Cir. 1983), and that plaintiff's claim lacks an arguable basis in law and fact, *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Therefore, this action is **DISMISSED** *sua sponte*, as frivolous and for failure to state a claim upon which relief can be granted under § 1983. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

Because the plaintiff is an inmate in the Blount County Detention Center, he is herewith **ASSESSED** the civil filing fee of $350.00. Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of the plaintiff's inmate trust account at the institution where he now resides is directed to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, as an initial partial payment, whichever is greater of:

(a) twenty percent (20%) of the average monthly deposits to the plaintiff's inmate trust account; *or*

(b) twenty percent (20%) of the average monthly balance in the plaintiff's inmate trust account for the six-month period preceding the filing of the complaint.

Thereafter, the custodian shall submit twenty percent (20%) of the plaintiff's preceding monthly income (or income credited to the plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk is **DIRECTED** to send a copy of this Memorandum and Order to the Sheriff of Blount County, Tennessee, and the county attorney for Blount County, Tennessee, to ensure that the custodian of the plaintiff's inmate trust account complies with that portion of the Prison Litigation Reform Act relating to payment of the filing fee. The Clerk is further **DIRECTED** to forward a copy of this Memorandum and Order to the Court's financial deputy.

**E N T E R :**

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE